UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMICKO D. MURRAY MCIVER,

               Plaintiff,

-against-

POSTAL INSPECTOR GENERAL; STEVEN BAUTISTA; AMY MARTE,

               Defendants.

24-CV-9095 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated her rights. She sues the "Postal Inspector General" (ECF 1, at 1) or the "United States Postal General" (*id.* at 4), which the Court understands to be either the Inspector General of the United States Postal Service ("USPS") or the United States Postmaster General, as well as Steven Bautista, and Amy Marte. By order dated January 17, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff states that the events giving rise to her claims occurred in Mount Vernon, New York, on June 28, 2024. She alleges, "I enclosed money in a envelope mailed the envelope in front of the post office on S. First St Mount Vernon NY. On 07/2024, I received a call & letter stated my insurance was canceled for none payment." (ECF 1, at 5.)[1] Plaintiff further alleges that her car was towed due to her lack of insurance.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise noted.

Plaintiff attaches to the complaint a witness statement and police report issued by the Mount Vernon Police Department. Those documents suggest that Plaintiff purchased a money order for $611.00 made out to her car insurance company from the United States Post Office in Mount Vernon, and placed that money order into the mail. Her insurance company never received the payment and, as a result, cancelled her insurance policy. After contacting the USPS regarding the money order, Plaintiff learned that individuals named Steven Bautista and Amy Marte, whom Plaintiff does not know, tampered with or altered the money order.

Plaintiff seeks $611.00 in damages.

## DISCUSSION

### A.   Claims against the United States Postal Service and its employees

Plaintiff sues either the Inspector General of the USPS or the United States Postmaster General. The USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). As a governmental agency, the USPS and its employees, including the Inspector General and Postmaster General, are entitled to sovereign immunity. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Congress, however, has carved out certain exceptions to the FTCA's broad waiver of sovereign immunity. One exception is the "postal matter exception," which preserves sovereign immunity for "[a]ny

3

claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004). The Supreme Court of the United States has construed this provision as retaining immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. Thus, the USPS is immune from suit for "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information[.]" *Id.*

Plaintiff's claim falls within the postal matter exception. The FTCA therefore does not waive the sovereign immunity of the USPS for such claims, and Plaintiff's claims must be dismissed on the basis of sovereign immunity, for lack of subject matter jurisdiction.[2] *See* Fed. R. Civ. P. 12(h)(3).

**B.    Claims against Bautista and Marte**

Although Plaintiff names Baustista and Marte as defendants, the complaint includes no allegations regarding these individuals. The single mention of these defendants in the attachments to the complaint as having "altered" Plaintiff's money order (ECF 1, at 12) is insufficient, under Rule 8 of the Federal Rules of Civil Procedure, to suggest a viable cause of action against these defendants. The Court therefore dismisses Plaintiff's claims against these

---

[2] The Postal Rate Commission ("PRC") has exclusive jurisdiction over service complaints involving the USPS. *See* 39 U.S.C. § 3662 (2006); *Nolen v. U.S. Postal Serv.*, No. 11-CV-114, 2013 WL 660153, at *8 (D. Vt. Feb. 22, 2013); *Shelby Res., Inc. v. U.S. Postal Serv.*, 619 F. Supp. 1546, 1548-49 (S.D.N.Y. 1985) (holding that a hearing by the PRC is the "sole remedy for a user of postal services who is not receiving adequate service"). An adverse ruling from the PRC may be appealed to the United States Court of Appeals for the District of Columbia. *See* 39 U.S.C. § 3663; *Foster v. Pitney Bowes, Inc.*, No. 11-CV-303, 2012 WL 2997810, at *3 (E.D. Pa. July 23, 2012).

defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court lacks subject matter jurisdiction of her claims against the USPS and its employees, and Plaintiff's allegations do not suggest that she can assert a viable cause of action under federal law against Bautista and Marte. Furthermore, Plaintiff cannot assert state law claims against Bautista and Marte under the Court's diversity of citizenship jurisdiction because she alleges that she, Bautista and Marte are all residents of the State of New York, and because she seeks only $611.00 in damages, far below the $75,000 jurisdictional minimum. *See* 28 U.S.C. § 1332. Because these defects cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, and for failure to state a claim on which relief is granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: April 14, 2025
        New York, New York

                                                /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                            Chief United States District Judge